# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DIRK A. HENRY,

    Petitioner,

VS.                                             Case No. 4:16cv129-MW/CAS

LORETTA LYNCH, et al.,

    Respondents.

_____/

## ORDER and REPORT AND RECOMMENDATION

This case was initiated on March 3, 2016, upon the filing of a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1. Petitioner Dirk Henry paid the filing fee for this case, ECF No. 5, and the petition was reviewed. Petitioner alleged that he was born in Suriname in 1976 of Guyanese parents, and entered the United States in 1981 at age five. ECF No. 1 at 3. He alleged that he is "Stateless" because under Surinamese law, "being born there" did not confer citizenship. *Id.* Petitioner said that Guyana "refused to accept" him because he was born in Suriname and he had "already received a denial letter from the Guyanese Government." *Id.*

Page 2 of 10

Petitioner also alleged that he had been in ICE custody since June 5, 2015. ECF No. 1 at 3. Petitioner was ordered removed on September 1, 2015. *Id.* at 2. Because he waived his rights to appeal, the order became final on that date. *Id.* Petitioner requested release from detention pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), and <u>Clark v. Martinez</u>, 543 u.S. 371 (2005). *Id.* at 4-5.

Because Petitioner alleged that he had cooperated with all efforts to carry out his removal, *id.* at 4, but claimed that his "removal to Guyana, Suriname or any other country" was not significantly likely to occur in the reasonably foreseeable future, *id.* at 5, service of the petition was directed. ECF No. 6. Respondents filed a response to the petition on May 24, 2016. ECF No. 12. That response outlined efforts between ICE and the Consulates of Guyana and Suriname to obtain a travel document for Petitioner. ECF No. 12 at 3-5. At that time, efforts had not been successful due to the fact that Petitioner was not "registered" as a citizen of either Suriname or Guyana. *Id.* However, Respondents advised "that continued efforts [were] underway to determine how Petitioner's birth may be registered in order to facilitate his removal to Suriname." *Id.* at 5. Respondents acknowledged that Petitioner remained in custody, had been

there for more than six months since issuance of a final order of removal, but asserted that additional ongoing efforts "could lead to Petitioner's removal in the reasonably foreseeable future." *Id.* at 8.

Petitioner timely filed a reply to that response. ECF No. 13. Petitioner again argued that his petition should be granted because his removal was not significantly likely to occur in the reasonably foreseeable future. *Id.*

Thereafter, Petitioner filed a motion to add additional evidence, ECF No. 14, which was granted. ECF No. 15. The additional evidence was a copy of a letter from the Embassy of the Republic of Guyuna dated October 15, 2015, which stated that Petitioner "was never registered to become a citizen of Guyana, as is required by the Constitution." ECF No. 14 at 3. The letter advised that the Embassy was "unable to issue an Emergency Certificate for [Petitioner] to be deported to Guyana." *Id.*

On October 5, 2016, Petitioner filed an "emergency motion" requesting immediate action to expedite this petition. ECF No. 16. Petitioner's motion to address his pending petition for a writ of habeas corpus is granted.

On October 12, 2016, Respondents file a response to the emergency motion advising that ICE officials have obtained "a travel document for Petitioner" and "he is scheduled to be removed from the United States on October 31, 2016."  ECF No. 17.  Respondents also advised that supporting documentation had been requested and would be filed once obtained from ICE.  *Id.*

On November 7, 2016, Respondents filed a motion requesting leave to supplement.  ECF No. 18.  The motion is granted.

Respondents advise that "Petitioner is scheduled to be removed on November 15, 2016."  *Id.*  Attached to the motion is a copy of a letter from the Embassy of the Republic of Guyana advising that "Emergency Certificate No. A: 213/2016" was "issued for the removal to Guyana of Mr. Dirk Henry - A036 522 555."  ECF No. 18-1.  The information presented in the supplement reveals the certificate has been issued and Petitioner is to be removed to Guyana between October 2016 and January 2017.  ECF No. 18-1 at 2.  Included with the certificate was an Advisory for Petitioner directing him to the Ministry of Social Protection which assists deportees in adjusting "to their new environment in Guyana."  ECF No. 18-1 at 4.

## ANALYSIS

Because Petitioner does not challenge the final order of removal but, rather, seeks release from detention pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), this Court has jurisdiction over this § 2241 habeas petition.  Immigration law directs that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ."  8 U.S.C. § 1231(a)(1)(A).  During that 90 day removal period, "aliens must be held in custody."  <u>Zadvydas</u>, 533 U.S. at 683, 121 S. Ct. at 2495 (citing 8 U.S.C. § 1231(a)(2)).  After the 90-day removal period, the statute permits the Government "to detain an alien who still remains here or release that alien under supervision."  533 U.S. at 683, 121 S. Ct. at 2495 (citing 8 U.S.C. § 1231(a)(6)).  That statute provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period* and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added).

Petitioner was convicted of various criminal offenses between January 2002 and March 2014.  ECF No. 12 at 2.  Following Petitioner's release from the Indian River County Jail, he was taken into ICE custody on July 10, 2014.  *Id.* at 3.  He was ordered removed from the United States on September 1, 2015, and Petitioner waived his right to appeal the order.  Thus, Petitioner was deemed removable pursuant to § 1227(a)(2) based on his criminal convictions.

The Supreme Court made clear in Zadvydas that the continued detention of legal permanent aliens beyond the mandated 90-day removal period was permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States."  *Id.*, at 689, 121 S. Ct. at 2498.  "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.,* at 699, 121 S.Ct. at 2503.  For the sake of uniformity, the Zadvydas Court held that "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'"  Clark v. Martinez, 543 U.S. 371, 125 S.Ct.

716, 722, 160 L.Ed.2d 734 (2005) (quoting Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505).[1]

Accordingly, when an alien shows that he has been held more than six months beyond the removal period and his removal is not reasonably foreseeable, a § 2241 petition should be granted. Clark, 543 U.S. at 386-387, 125 S.Ct. at 727; Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005) (relying on Clark to hold that "an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future.").[2] Zadvydas established a burden-shifting analysis for consideration of § 2241 habeas petitions. After the presumptive six month removal period has expired, an alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably

---

[1] In Clark, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens, holding that the period of time reasonably necessary to effect removal should not be any longer for an inadmissible alien than for an admissible alien. Clark, 543 U.S. at 386, 125 S.Ct. at 727. The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6).

[2] An alien must be detained during the "removal period." 8 U.S.C. § 1231(a)(2).

foreseeable future." Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505. Thereafter, "the Government must respond with evidence sufficient to rebut that showing." Id.

Here, Petitioner met his initial burden under Zadvydas based on the factual allegations in the petition. ECF No. 1. Petitioner alleged he had cooperated fully with efforts to effectuate his removal, but despite those efforts, ICE was not likely to remove him "in the reasonably foreseeable future." Id., at 5.

The burden shifted to Respondents to rebut that showing and demonstrate there *is* a significant likelihood of removal in the reasonably foreseeable future. Respondents have recently shown that Petitioner's removal *is likely* and will occur within this month. ECF Nos 17-18. Accordingly, Petitioner is not entitled to the relief requested. It is recommended that the petition be denied without prejudice. Should Petitioner not be removed, Petitioner should immediately notify this Court.[3]

---

[3] Respondents are directed to file proof of Petitioner's removal when that occurs.

Accordingly, it is

**ORDERED:**

1. Petitioner's emergency motion requesting the Court consider his petition for writ of habeas corpus, ECF No. 16, is **GRANTED**.

2. Petitioner's motion for leave to consider supplemental evidence, ECF No. 18, is **GRANTED**.

**RECOMMENDATION**

Accordingly, it is **RECOMMENDED** that the petition for writ of habeas corpus, ECF No. 1, filed by **Dirk Arthur Henry** under 28 U.S.C. § 2241, be **DENIED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2016.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**